# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2012

No. 11-20289
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

$78,882.00 IN U.S. CURRENCY,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:09-CV-4068

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellants Francisco and Concepcion Salgado appeal the district court's order of forfeiture of $78,882.00 in favor of Appellee United States of America. The Salgados argue that the forfeiture of the entire $78,882.00 violates the Eighth Amendment's Excessive Fines Clause because it is grossly disproportional to the Salgados' violations of 31 U.S.C. § 5316(a)(1)(A). We AFFIRM.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 11-20289

## I. BACKGROUND

On November 24, 2009, Francisco and Concepcion Salgado prepared to board a flight to Mexico from George Bush Intercontinental Airport in Houston, Texas. A Customs and Border Protection (CBP) officer asked the Salgados if they were traveling with more than $10,000.00, and Mrs. Salgado replied "no." The officer then asked how much money the Salgados were carrying. The Salgados' answers indicated that they possessed a total of $12,000.00. Mrs. Salgado completed and signed, under the penalty of perjury, a FINCEN 105 form attesting to possession of $12,000.00.

Another CBP officer then asked the Salgados to place their currency on a table. The contents of the Salgados' wallets and Mr. Salgado's pockets totaled approximately $21,000.00. The CBP officer found an additional $3,000.00 in Mr. Salgado's backpack. Further searches of the Salgados and their luggage produced an additional $48,000.00. Ultimately, the searches revealed that the Salgados were carrying a total of $78,882.00.

On December 21, 2009, the United States filed an *in rem* civil forfeiture action pursuant to 31 U.S.C. § 5317(c)(2) against the $78,882.00 seized from the Salgados. In response, the Salgados filed a verified claim under 18 U.S.C. § 983(a)(4)(A) asserting ownership of the $78,882.00 and requesting its return. The Salgados also filed an answer to the forfeiture action, generally denying all allegations and any wrongdoing that would allow forfeiture of the $78,882.00. The United States then moved for summary judgment. Finding that the facts were not in dispute, and that the United States had shown that the $78,882.00 qualified for forfeiture, the district court granted summary judgment.[1] The district court issued a separate order for forfeiture of the $78,882.00, which was entered as the final judgment in the case.

---

[1] In response to the government's summary judgment motion, the Salgados stated that they "[did] not allege a dispute of the material facts presented in the United States . . . motion."

No. 11-20289

The Salgados timely appealed the judgment to this court. Their appeal states one ground of attack—that the forfeiture of the entire $78,882.00 violates the Eighth Amendment's Excessive Fines Clause because it is grossly disproportional to the Salgados' failure to report the currency.[2] The Salgados contend that the currency is not connected with any other crime, and that their only offense was an omission that does not merit forfeiture of all their currency. The Salgados seek reversal of the district court's judgment.

## II. DISCUSSION

Because the Salgados raise their Excessive Fines Clause theory for the first time on appeal, we review the district court's order of forfeiture for plain error. *See Douglass v. U.S. Auto Ass'n*, 79 F.3d 1415, 1424 (5th Cir. 1996) (en banc). To meet the plain error standard, we must conclude that there was an error, that the error was obvious, and that the error affected a party's substantial rights. *United States v. Olano*, 507 U.S. 725, 732–34 (1993). If we find plain error by the district court, we will only correct the error if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

Although both parties rely on *United States v. Bajakajian*, 524 U.S. 321 (1998), the Salgados and the United States articulate different inquiries for analyzing the forfeiture's propriety.[3] We need not decide the proper inquiry in this case. Instead, because under either test the Salgados were required to

---

[2] The Salgados do not appeal the district court's determination that they violated 31 U.S.C. § 5316(a)(1)(A) by knowingly failing to report that they were carrying more than $10,000.00.

[3] The forfeitures in the cases cited by the United States all arose from ongoing unlawful activities in violation of other statutes. *See United States v. Li*, 615 F.3d 752 (7th Cir. 2010) (forfeiting a house traced to the crime of harboring aliens for personal financial gain); *United States v. Cheeseman*, 600 F.3d 270 (3d Cir. 2010) (forfeiting a large quantity of firearms for the crime of firearm possession by a felon); *United States v. Wallace*, 389 F.3d 483 (5th Cir. 2004) (forfeiting an airplane for violating the requirement to register the aircraft). However, the parties did not cite any cases precisely on point.

demonstrate that the value of the property seized was disproportional to their offense, which they failed to do, we need only consider proportionality.  *See* 18 U.S.C. § 983(g)(3) ("The claimant shall have  the burden of establishing that the forfeiture is grossly disproportional by a preponderance of the evidence . . . .").

The Salgados rest their appeal upon *Bajakajian*.[4]  Though the Salgados' case arises from the same underlying offense and circumstances as *Bajakajian*, it involves less than a quarter of the amount of currency seized in *Bajakajian*. *See Bajakajian*, 524 U.S. at 325.  And while the forfeiture of the $357,144 seized in *Bajakajian* would have exceeded the maximum $250,000 statutory fine, the Salgados' forfeiture clearly does not.  Thus, *Bajakajian* alone constitutes insufficient authority for the Salgados' theory that the forfeiture of $78,882.00 was a disproportional punishment for their offense.

Under these circumstances, we cannot say that the district court plainly erred in requiring the Salgados to forfeit $78,882.00.  *See United States v. Olano*, 507 U.S. 725, 734 (1993) (For an error to be plain, it must be "clear under current law").  The district court's judgment is AFFIRMED.

---

[4] The Salgados' brief cites only two other cases, both of which fail to address the proportionality issue presented in this appeal and, therefore, do not provide any support for the Salgados' proportionality theory.